UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MONIQUE B. PORTER,

       Plaintiff,

       v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

Civil No. 06-6264-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

      Plaintiff Monique Porter seeks judicial review of a final decision denying her application for disability insurance benefits and supplemental social security income. Plaintiff alleges that she became disabled on August 1, 2001, due to fibromyalgia, myofascial pain and bipolar disorder. She applied for disability benefits and supplemental social security payments on December 13, 2002. Her application was denied initially and upon reconsideration. After a hearing before an Administrative Law Judge (ALJ), that denial was upheld on September 17,

1  - OPINION AND ORDER

2004. The Appeals Council vacated the decision and remanded for further proceedings. On remand, a second hearing was held before the ALJ on January 19, 2006. During the second hearing, the ALJ heard testimony from plaintiff, John Crossen, M.D., and from Mark McGowan, a vocational expert. On March 22, 2006, the ALJ issued a decision denying plaintiff's claim for a second time. This ALJ decision became the Commissioner's final decision upon the Appeals Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff subsequently filed a complaint seeking judicial review.

## I.   LEGAL STANDARDS

### 1.   Five-Step Disability Analysis

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in substantial gainful activity. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to a second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude substantial gainful activity. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability. However, in the fifth step, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner

3  - OPINION AND ORDER

meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

### 2.	**Quantum of Proof**

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720-21.

5  - OPINION AND ORDER

## II.    DISCUSSION

Plaintiff's medical history is discussed at length in the briefs and in the ALJ's decision and is briefly recounted here. At the time of her second hearing, plaintiff was a 39-year-old woman with a GED. She last worked in 2001 as a certified nursing assistant.

### 1.    ALJ's Findings

At step one of the five-step analysis, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability. Transcript of Record (hereinafter "Tr.") 25.

At step two, the ALJ found plaintiff's bipolar disease a severe impairment. TR. 25.

At step three, the ALJ found plaintiff's impairments, individually and in combination, did not meet or equal the requirements of a listed impairment. Tr. 25.

At step four, the ALJ found that plaintiff was unable to perform her past relevant work. Tr. 25. However, the ALJ found that

> claimant retains the residual functional capacity to perform a reduced range of light exertional work. Lifting is limited to 25 pounds occasionally and less than 10 pounds frequently. The claimant can stand/walk for two hours in an eight-hour day. The claimant can sit for about six hours in an eight-hour day. The claimant requires a sit/stand option allowing her to change positions often during the day. Occupations requiring close contact with the general public are precluded. Occupations requiring work in a crowded setting, teamwork or interaction [sic] co-workers are precluded. Occupations requiring the ability to perform complex or detailed tasks are precluded. She would need simply routine tasks in a non hazardous setting.

Tr. 25.

At step five, the ALJ found that there are a significant number of jobs in the national economy that plaintiff could perform with her limitations, including printed circuit board touch-up screener, small products assembler, and electronics worker. Tr. 25-26.

6  - OPINION AND ORDER

### 2. Analysis

Plaintiff alleges a number of errors: (1) the ALJ improperly rejected or did not fully consider the opinions of treating physicians; (2) the ALJ failed to give proper reasons for finding that plaintiff lacked credibility; and (3) the ALJ based her decision on an incomplete hypothetical presented to the vocational expert. Plaintiff asks the court to reverse and remand this case for a finding of disability and payment of benefits.

An ALJ must provide clear and convincing reasons for rejecting uncontroverted expert opinions, and must provide specific, legitimate reasons for rejecting controverted expert opinions. *Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995); *see also Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (clear and convincing reasons must be provided to support rejection of a treating physician's ultimate conclusions).

"Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)). An ALJ need not accept a treating physician's opinion that is conclusory, brief, and unsupported by clinical findings. *Tonapetyan*, 242 F.3d at 1149 (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). However, an ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the doctor's subjective judgments. *Lester*, 81 F.3d at 832-33 (citing *Embrey*, 849 F.2d at 422).

Here, the ALJ credited the testimony of Dr. Smolen, the examining psychiatrist. Tr. 19-20. Dr. Smolen found that Porter suffers from a "marked" impairment in her ability to "carry out

detailed instructions" and also in her "ability to make judgments on simple work-related decisions." Tr. 439. However, without explanation, the ALJ relied on the contrary testimony of Dr. Crossen, the non-examining physician, who opined that Porter suffered from "moderate" difficulties in her ability to function socially, and did not address Dr. Smolen's findings. Tr. 20. Dr. Crossen also opined that plaintiff had not often been tearful or demonstrated an agitated or emotionally labile affect. Tr. 522-23. Both of those assertions are plainly belied by the record, undermining the ALJ's reliance on Dr. Crossen. Tr. 179, 205, 207, 209, 211, 214, 233, 237. There was no basis for the ALJ to reject Dr. Smolen's judgment about plaintiff's limitations. Further, the limitations recognized by Dr. Smolen significantly impact the ability of plaintiff to perform any job, and were not presented as part of the hypothetical situation analyzed by the vocational expert.

**3.     Remand**

In light of the ALJ's erroneous rejection of the marked psychological limitations on work noted by Dr. Smolen, this court concludes that a remand is appropriate in this matter. The fourth and sixth sentences of 42 U.S.C. § 405(g) set forth the exclusive methods by which district courts may remand an action to the Commissioner. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. §

8   - OPINION AND ORDER

405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)).  A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorney fees even when the case has been remanded for further administrative action.  *Id*. (citing *Schaefer*, 509 U.S. at 297-302).

Conversely, remands ordered pursuant to sentence six of Section 405(g) "may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency."  *Akopyan*, 296 F.3d at 854-55 (citing *Schaefer*, 509 U.S. at 297 n. 2).  Unlike sentence four remands, sentence six remands do not constitute final judgments.  *Id*.

The issues presented in this action compel a remand under sentence four.  Whether to remand under sentence four for an award of benefits, or for further proceedings, is a matter of judicial discretion.  *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000).  The decision turns upon the likely utility of further proceedings.  *Id.* at 1179.  Such a remand is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits.  *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  The rule recognizes "the importance of expediting disability claims."  *Id*. (citation omitted).  In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves.  *Id*.

It is clear from the record that the ALJ must find the claimant disabled after crediting the evidence in question, and additional proceedings are unnecessary to determine plaintiff's entitlement to benefits.  The record is fully developed, and further proceedings "would serve no

useful purpose." *See Lester*, 81 F.3d at 834 (if evidence that was improperly rejected demonstrates that claimant is disabled, court should remand for payment of benefits).

Moreover, permitting the Commissioner a further opportunity under these circumstances to amend findings to comport with a denial of disability benefits is not in the interests of justice. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

## **CONCLUSION**

Based on the foregoing, this court concludes that the record is fully developed and that further administrative proceedings would serve no useful purpose. Under the applicable standards, after giving the evidence in the record the effect required by law, plaintiff is unable to engage in any substantial gainful activity by reason of her impairments, and she is disabled under the Act beginning in August 2002. Accordingly, the decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the calculation and award of benefits to plaintiff Monique Porter.

IT IS SO ORDERED.

DATED this  25  day of February, 2008.

                                                       /s/ Ancer L. Haggerty
                                                           Ancer L. Haggerty
                                           United States District Judge